JOURNAL ENTRY AND OPINION
This is an appeal from an order of Juvenile Judge Janet E. Burney adjudicating appellant A.T. as delinquent for an offense, if committed by an adult, that would constitute rape. The boy challenges the sufficiency of the evidence against him and argues that the finding of delinquency is against the manifest weight of the evidence. We affirm.
The juvenile court record reveals: On September 2, 2000, D, a six-year-old and his seven-year-old brother, C, who lived primarily with their legal guardian and grandmother in Ravenna, spent the weekend with their father at his home in Cleveland. A.T., then age twelve years, lived in the neighborhood and had become friends with the boys. On that day as D and C were playing video games, A.T. came to their father's house and the three went to the back yard, where they played a game of "tag." At some point, they went behind a bank of bushes at the extreme rear of the yard. D claimed that A.T. pulled his pants down, performed fellatio on him, and then sodomized him while C witnessed the entire incident.
C's testimony was considerably more evasive: while he described that he saw something happen between A.T. and his brother, he claimed to have forgotten what he saw. Although he claimed to have forgotten any specifics of what had actually occurred, he stated that he saw A.T.'s "pee-pee," and that it was "nasty," and that he just kept watching A.T. and D because he did not know what to do, but what he saw made him feel "weird" and mad.
The boys' grandmother stated that on August 6, 2001, she overheard C ask D if he was going to "tell Mommy what A.T. did with your pee-pee." She immediately spoke with each boy, individually, and they told her the details of the events of September 2nd in graphic detail. She then called their father, informed him of what she had learned and drove the boys to his home, where they were met by police. She stated that, since September 2, 2000, D had begun to act out sexually, that his grades have fallen off and that she had taken him to weekly therapy sessions.
Cleveland Police Officer Richard Kemer, who met the boys at their father's home, testified that D told him that he had been forced to perform fellatio on A.T. and that he was timid and shaking while relating details of the episode. After taking statements from the boys, Officer Kemer drove them to a MetroHealth Medical Center where D was examined by Dr. Ruck, who informed the officer that he could find no sign of physical trauma consistent with sexual abuse. The final witness, Detective Alan Strickler, testified that, based on interviews he conducted with D, C, their father and grandmother, he decided to pursue the rape charge.
The State issued a Complaint against A.T. alleging one count of rape under R.C. 2907.02(A)(1)(b), which is comprised of the elements of engaging in sexual conduct with another, not one's spouse, where the other person is less than thirteen years of age. If an adult were to commit this crime, it would constitute a felony of the first degree. The case proceeded to trial, the defense unsuccessfully moved for acquittal under Crim.R. 29 and the judge found A.T. to be delinquent. She committed him to the custody of the Ohio Department of Youth Services for a period of not less than one year, but ending, at the latest, when he becomes twenty-one years old. She further ordered that he participate in psychological and psychiatric assessments, and that he eventually be required to write a letter of apology to his victim.
He claims as his first assignment of error:
 I. THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR ACQUITTAL BECAUSE THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SHOW THAT APPELLANT WAS DELINQUENT AS CHARGED.
Whether the evidence is legally sufficient to sustain a verdict is a question of law.[1] According to Crim.R. 29:
 The court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction on such offense or offenses. * * *
Whether phrased in terms of a Crim.R. 29 motion, or in terms of a sufficiency of the evidence argument, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2] There is no distinction in the particular weight or way of evaluating the evidence, be it direct or circumstantial.[3]
The offense of rape, as charged, is defined as follows:
 "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
* * *
 (B) Whoever violates this section is guilty of rape, a felony of the first degree. * * *"[4]
The testimony, largely of D, and to a lesser extent, C, showed that A.T. persuaded D to perform fellatio on him or accept it from him, and that A.T. had committed sodomy on D. These acts satisfy the element of engaging in sexual conduct, defined as, for purposes of this case, "* * * anal intercourse [or] fellatio * * *. * * * Penetration, however slight, is sufficient to complete vaginal or anal intercourse."[5]
The evidence was unrefuted that D, the victim, was under thirteen years of age at the time of the offense. While A.T.'s lawyer attacked D's credibility by pointing out minor inconsistencies in his testimony, and tried to neutralize C's testimony by attempting to show that he had been instructed about what to testify, both witnesses discussed the sexual conduct which occurred between A.T. and D. We cannot conclude that the evidence, if viewed in the light most beneficial to the prosecution, would not support a verdict of guilty beyond a reasonable doubt for the crime of rape as charged. This assignment of error is not well taken.
 II. THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL BECAUSE THE COURT'S FINDING OF DELINQUENCY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In evaluating a challenge to the verdict based on the manifest weight of the evidence presented at trial, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misinterpretation or misapplication of the evidence by a jury, or judge sitting as a trier of fact, which has "lost its way."[6] This power is subject to strict and narrow constraints:
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.
* * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.[7]
In the case sub judice, given the ages of the pertinent witnesses, we cannot, from a view of the transcript, pretend to be able to assign weight to the testimony of D and C. The decision to accept or reject the various portions of the boys' testimony is best left to the trier of fact, the judge. We certainly cannot say with any confidence that the judge "lost her way" and created a manifest miscarriage of justice with her verdict. This assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] State v. Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388,124 N.E.2d 148.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541;State v. Jenks (1991) 61 Ohio St.3d 259, 574 N.E.2d 492.
[3] Id. at 272, 574 N.E.2d at 502.
[4] R.C. 2907.02.
[5] R.C. 2907.01(A).
[6] See State v. Thompkins, supra.
[7] State v. Thompkins, supra at 387, 678 N.E.2d 541, * * (internal cites omitted).